UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
SAMUEL S. GUZIK d/b/a GUZIK &
ASSOCIATES,

                        Plaintiff,

                -v-

DARA S. ALBRIGHT,

                        Defendant.
―――――――――――――――――――――――――――――

16-CV-2257 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      On March 28, 2016, Plaintiff Samuel S. Guzik filed this action against Dara S. Albright ("Defendant") and LendIt Conference, LLC ("LendIt"). (Dkt. No. 1.) On June 1, 2016, the Court issued an order dismissing the case for lack of subject-matter jurisdiction, because Defendant LendIt was not diverse to Plaintiff, and allowing Plaintiff to file an amended complaint dropping LendIt as a party to cure the jurisdictional defect. (Dkt. No. 23.) On June 30, 2016, Plaintiff filed a Second Amended Complaint naming only Albright as Defendant. (Dkt. No. 24 ("SAC").) The SAC alleges a single count of *quantum meruit*.

      On August 24, 2016, Defendant, proceeding *pro se*, moved this Court to dismiss the SAC for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 26.) Thereafter, Plaintiff filed a letter motion (Dkt. No. 37) and a supplemental letter motion (Dkt. No. 38), asking the Court to proceed to a Rule 16 conference to commence discovery. For the reasons that follow, Defendant's motion to dismiss is denied and Plaintiff's letter motions for a conference are granted.

**I.     Background**[1]

Guzik is an attorney who was retained by Albright between May 2014 and December 2015.  (SAC ¶ 1.)  The matters for which Albright engaged Guzik's legal services ultimately settled in February 2016.  (*Id.* ¶ 2.)  Guzik seeks recovery in *quantum meruit* for the value of legal services rendered during the period of engagement.  (*Id.* ¶ 1.)

In January 2014, before retaining Guzik, Albright sold a membership interest that she owned in LendIt to Goodworld Creations LLC d/b/a/ Crowdnetic ("Crowdnetic").  (*Id.* ¶ 9.)  In May 2014, Albright informed Crowdnetic that she was rescinding the sale.  (*Id.* ¶ 10.)  Albright engaged Guzik shortly thereafter.  (*Id.* ¶ 11.)  Crowdnetic did not agree to the rescission and commenced a declaratory judgment action against Albright to establish, *inter alia*, that Crowdnetic was the rightful owner of the interest and Albright had no right to rescind Crowdnetic's purchase.  *See GoodWorldCreations LLC v. Albright*, No. 14 Civ. 3848, 2015 WL 4900246 (S.D.N.Y. Aug. 17, 2015).  Guzik represented Albright in that action.  (SAC ¶ 13.)

Guzik and Albright entered into an oral agreement in which Guzik would provide legal services to assist Albright in the recovery of her membership interest in return for a one-third share of the value of the net recovery, in the event a recovery was procured, plus out-of-pocket expenses.  (*Id.* ¶ 17.)  This agreement was confirmed in correspondence between Guzik and Albright as well as in between Albright and a managing member of LendIt.  (*Id.* ¶ 18.)

Guzik terminated his representation of Albright "for cause" on December 17, 2015.  (*Id.* ¶ 19.)  Albright obtained new counsel and a settlement was reached among Albright, LendIt, and

---

[1]     Unless otherwise noted, the facts are drawn from the SAC.  On a motion to dismiss, facts in a plaintiff's complaint are assumed to be true.  *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

2

Crowdnetic in February 2016.  (*Id.* ¶ 20-21.)  For Albright, the settlement amounted to not less than ten million dollars.  (*Id.* ¶ 22.)  To date, Guzik has received no compensation from Albright.  (*Id.* ¶ 26.)

Albright now moves under Rule 12(b)(6) to dismiss Guzik's SAC for failure to state a claim for *quantum meruit*.  (Dkt. No. 26.)

**II.     Discussion**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court "must take all of the factual allegations in the complaint as true, [and is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  The Court construes Defendant Albright's motion and brief broadly because "a court is ordinarily obligated to afford a special solicitude to *pro se* litigants."[2]  *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (internal citations omitted).

Under New York Law, claims sounding in *quantum meruit* or quasi-contract require: (1) good faith performance on the part of the Plaintiff; (2) acceptance by the Defendant; (3) the expectation of compensation; and (4) the reasonable value of the services.  *See Leibowitz v. Cornell Univ.*, 584 F.3d 487, 509 (2d Cir. 2009); *Landcom, Inc. v. Galen-Lyons Joint Landfill Comm'n*, 259 A.D.2d 967, 967 (N.Y. App. Div. 4th Dep't 1999).

Albright argues that the SAC fails to establish both that Guzik performed his services in good faith and the reasonable value of the services rendered.  (Dkt. No. 26 at 6-8.)

---

[2]     Because Guzik is an attorney representing himself, he is not entitled to the presumption ordinarily applied to *pro se* parties.  *See Tracy*, 623 F.3d at 102.

### A. Good Faith Performance

Albright argues that the SAC fails to allege that Guzik performed the services in good faith because Guzik (1) failed to plead that his resignation was for just cause, and (2) failed to provide reasonable notice of his termination. (*Id.*) However, for a Plaintiff seeking to recover fees for legal services rendered under *quantum meruit*, the good faith element is met where the complaint merely states that the Plaintiff-attorney "rendered extensive legal services on defendants' behalf." *See, e.g.*, *Liddle & Robinson, LLP v. Garrett*, 720 F. Supp. 2d 417, 422 (S.D.N.Y. 2010) (citation and quotation mark omitted). Guzik alleges that, in total, he expended more than 1,200 hours on Albright's behalf from May 2014 until his resignation on December 17, 2015, and incurred thousands of dollars in out-of-pocket expenses. (SAC ¶ 24.) And because Guzik alleges that he "performed legal services and incurred costs at Albright's request and for the benefit of Albright," he has pleaded the requirement of "good faith" necessary to sustain his claim for *quantum meruit* at this stage. (*Id.* ¶ 47.)

Moreover, Albright's arguments improperly focus on the end of the business relationship between Guzik and Albright instead of the nature of the services rendered throughout. "The requirement of good faith under the doctrine of quantum meruit is linked to the performance of the services, not to the demise of the relationship." *Aniero Concrete Co. v. N.Y. City Const. Auth.*, No. 94 CIV. 3506 (CSH), 2000 WL 863208, at *9 (S.D.N.Y. June 27, 2000). That is, "the requirement of good faith, under the doctrine of quantum meruit . . . is linked to the performance of the services, as oppose[d] to the parties' relationship." *Realuyo v. Diaz*, No. 98 Civ. 7684, 2006 WL 695683, at *8 (S.D.N.Y. Mar. 17, 2006). There is nothing before the Court to suggest that Guzik performed the legal services in question with anything other than good faith. As such,

4

Guzik has sufficiently alleged that the performance of legal services was done in good faith for the purposes of his quantum meruit claim.

Nevertheless, the Court briefly addresses each of Albright's arguments in turn

First, the SAC affirmatively pleads that Guzik's resignation was for cause.  (SAC ¶ 19.) Indeed, Guzik alleges multiple grounds on which he "was forced to resign." (*Id.* ¶ 29.) Specifically, he avers that "Albright failed to cooperate in the representation" and "rendered the objective of the representation unreasonably difficult"; that "Albright blocked Plaintiff from taking appropriate measures" to fulfill his duty as attorney; and that "Albright had persisted in a course of action that Plaintiff believed was unlawful under New York law." (*Id.*)

Albright relies on New York law that, "[i]f the defendant's withdrawal as counsel was unjustifiable, then he forfeited any right to recover damages for services rendered on the basis of quantum meruit." *Allen v. Rivera*, 125 A.D.2d 278, 280 (N.Y. App. Div. 2d Dep't 1986).  Even if Defendant's arguments were a proper challenge to Guzik's "good faith" performance, instead of an argument that Guzik should not have been permitted to withdraw as counsel, Plaintiff's factual allegation that Albright failed to cooperate such that Plaintiff could not perform his duties as her attorney, taken as true, would justify withdrawal. *See Joseph Brenner Assocs., Inc. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996) (finding withdrawal permissible if the "client renders it unreasonably difficult for the lawyer to carry out employment effectively") (citing N.Y. Comp. Codes R. & Regs., tit. 22, § 1200.15(c)(1)(iv)); *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, No. 95 Civ. 2144, 1999 WL 58680, at *2 (S.D.N.Y. Feb. 4, 1999) (holding that failure to pay fees in addition to a "breakdown in communication between [counsel and client] plainly constitutes just cause for withdrawal").

Second, Albright argues that, upon Guzik's withdrawal, she was left with only thirteen days to retain new counsel to respond to a motion for partial summary judgment. (Dkt. No. 26 at 7-8.) The SAC alleges, however, that "[f]rom and after the Date of Termination Plaintiff made every conceivable effort to avoid any material adverse effect on the interests of Albright" by reason of the termination. (SAC ¶ 30.) Taken as true, the SAC sufficiently alleges that Guzik took reasonable steps to avoid any unfair prejudice to Albright.

Guzik has properly alleged that he performed the legal services in question in good faith.

### B.     Reasonable Value

The SAC also adequately pleads the reasonable value of the legal services in question. To survive a motion to dismiss, a plaintiff must provide "more than vague and conclusory allegations regarding . . . the reasonable value" of the services rendered. *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 535 (E.D.N.Y. 2011) (citing *Singerman v. Reyes*, 240 A.D.2d 335, 336 (N.Y. App. Div. 1st Dep't 1997).

Here, Guzik explicitly alleges that, "[a]s a direct and proximate result of Albright's failure to pay Plaintiff the reasonable value of services provided, Plaintiff has suffered damages in an amount to be proven at trial, believed to be approximately $3,333,333." (*Id.* ¶ 50.) Indeed, the SAC alleges that Guzik furnished Albright with an invoice for "approximately 1/3 of the value of the property received by Albright in settlement of her subject claims." (*Id.* ¶ 25.) This amount is consistent with the terms of the alleged oral agreement[3]—one-third of any recovery—considered with the alleged value of the settlement, ten million dollars. (*Id.* ¶ 17, 22.)

---

[3]     However, the Court notes that Plaintiff cannot recover under a *quantum meruit* theory if the oral agreement alleged in the SAC is a "valid, enforceable contract that governs the same subject matter as the quantum meruit claim." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005); *see also Leibowitz v. Cornell Univ.*, 584

### III. Conclusion

Because the Second Amended Complaint states a claim for *quantum meruit*, the motion to dismiss is DENIED.

Defendant shall file an answer to the Second Amended Complaint within 21 days of this order.  The Court will schedule an initial pretrial conference pursuant to Federal Rule of Civil Procedure 16 thereafter.

The Clerk of Court is directed to close the motions at Docket Numbers 26, 37, and 38.


SO ORDERED.


Dated: November 28, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

F.3d 487, 509 n.10 (2d Cir. 2009) ("[P]laintiff may only assert a claim of quantum meruit in the absence of an agreement between the parties, be it oral, written or implied-in-fact.").