UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL S. GUZIK d/b/a GUZIK &
ASSOCIATES,

                        Plaintiff,

               -v-

DARA S. ALBRIGHT,

                        Defendant.

16-CV-2257 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

This is a dispute between a lawyer and his former client seeking recovery in *quantum meruit* for legal services rendered prior to the lawyer's resignation. On March 28, 2016, Samuel S. Guzik filed this action against Dara S. Albright.[1] Both parties are representing themselves. The operative complaint alleges a single count for *quantum meruit*.[2]

On August 24, 2016, Albright moved to dismiss Guzik's Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 26.) This Court denied Albright's motion. *Guzik v. Albright*, No. 16 Civ. 2257, 2016 WL 6952347 (S.D.N.Y. Nov. 28, 2016). Now, Albright moves for summary judgment on Guzik's *quantum meruit* claim. (Dkt. No. 62.) For the reasons that follow, that motion is denied.

---

[1] Initially, the complaint was also filed against LendIt Conference, LLC ("LendIt"). (Dkt. No. 1.) On June 1, 2016, however, the Court issued an order dismissing the case for lack of subject-matter jurisdiction, because Defendant LendIt was not diverse to Guzik, and allowing Guzik to file an amended complaint dropping LendIt as a party to cure the jurisdictional defect. (Dkt. No. 23.) On June 30, 2016, Guzik filed a Second Amended Complaint naming only Albright as Defendant. (Dkt. No. 24 ("SAC").)

[2] Albright also filed a set of counterclaims that are not the subject of a motion for summary judgment at this time. (*See* Dkt. No. 41.) Discovery in this case is ongoing and expert depositions are set to be completed by September 29, 2017. (Dkt. No. 150 at 5.)

1

## I. Background

Familiarity with this dispute is presumed, based on the factual allegations detailed in the Court's prior Opinion and Order at the motion-to-dismiss stage. *See Guzik*, 2016 WL 6952347.

Albright contends that there are five undisputed facts that entitle her to summary judgment on Guzik's claim for *quantum meruit*. First, "Guzik resigned prior to the completion of his duties." (Dkt. No. 87 ¶ 1.) Although Guzik expresses concern about the exact meaning of the phrase "completion of his duties," he does not meaningfully dispute this fact. (*Id.*)

Second, "[t]here was never any written engagement or retainer agreement between Guzik and Albright." (*Id.* ¶ 2.) Guzik admits this fact.

Third, Albright states that "[t]he oral contingency arrangement between Guzik and Albright remained ambiguous and unfinalized during Guzik's entire representation of Albright and even following his resignation." (*Id.* ¶ 3.) Guzik disputes this fact. He affirms that the parties "entered into an oral agreement" in which "Albright was to pay [Guzik] 1/3 of the value of the net recovery, contingent upon recovery, plus out-of-pocket expenses." (Dkt. No. 86 ¶ 9.) Guzik also states that he "furnished Albright with an Invoice via email for all services rendered to Albright . . . from May 2014 through December 17, 2015, the date of termination," for an amount Guzik thought reflected one-third of the value of Albright's net recovery, consistent with the alleged oral agreement. (*Id.* ¶ 12.)

Fourth, Albright relies on an email from Guzik that she contends serves as an admission that he had no expectation of compensation—which, if true, would bar recovery in *quantum meruit*. (Dkt. No. 87 ¶ 4.) Guzik accuses Albright of taking this document out of context: The email simply reflects that he did not expect compensation "at that juncture." (*Id.*)

Finally, the parties do not dispute that Guzik furnished an invoice to Albright for the first time in March 2016, months after his resignation. (*Id.* ¶ 5.)

Based on these facts, Albright now moves for summary judgment on Guzik's claim for *quantum meruit*.

## II. Legal Standard

"A document filed *pro se* is 'to be liberally construed' . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"Summary judgment is warranted when, after construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact." *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (citing Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50 (1986)). The Court may not grant summary judgment unless the record discloses "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"The moving party bears the burden of disproving the existence of any genuine issue of material fact." *Loccenitt v. City of New York*, No. 10 Civ. 8319, 2012 WL 5278553, at *3 (S.D.N.Y. Oct. 22, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must 'set out specific facts showing a genuine issue for trial,' and cannot 'rely merely on allegations or denials' contained in the pleadings." *Toshiba Corp. v. Am. Media Int'l, LLC*, No. 12 Civ. 800, 2012 WL 3822759, at *4 (S.D.N.Y. Sept. 4, 2012) (quoting Fed. R. Civ. P. 56(e)). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir.

2010) (alteration in original) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)) (internal quotation mark omitted).

## III. Discussion

"In order to recover in quantum meruit under New York law, a claimant must establish '(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services.'" *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (Sotomayor, J.) (quoting *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 69 (2d Cir. 2000)).

In this action, Guzik is seeking to recover legal fees for the performance of his services over the relevant time period. Albright makes three arguments as to why Guzik's claim for *quantum meruit* must fail. First, Albright argues that, under New York law, Guzik was required either to memorialize any contingent fee agreement in writing or to demonstrate that the terms of the agreement were fair, fully understood, and agreed to by the client. Second, Albright argues that Guzik cannot, as a matter of law, assert a claim in *quantum meruit* if there is an enforceable contract between the parties. Third, Albright argues that Guzik did not have an expectation of compensation, which is required in order to recover in *quantum meruit*. Each argument is discussed in turn.

### A. No Agreement in Writing

Albright contends that New York law requires that a lawyer who seeks to collect legal fees after the termination of an attorney-client relationship must memorialize any agreement in writing or, failing that, must otherwise demonstrate that the agreement was fair, understood, and agreed to by the client. (*See* Dkt. No. 63 at 5–8.) In particular, Albright directs the Court to part

1215.1 of title 22 of the New York Codes, Rules and Regulations ("NYCRR"), which states, in relevant part:

> (a) Effective March 4, 2002, an attorney who undertakes to represent a client and enters into an arrangement for, charges or collects any fee from a client shall provide to the client a written letter of engagement before commencing the representation, or within a reasonable time thereafter:
> (1) if otherwise impracticable; or
> (2) if the scope of services to be provided cannot be determined at the time of the commencement of representation.

22 NYCRR § 1215.1. In this case, the parties agree that Guzik did not comply with § 1215.1 as there was never any written agreement between the parties. (Dkt. No. 87 ¶ 2)

However, failure to comply with the requirements of § 1215.1 does not preclude an attorney from recovering in *quantum meruit*. Under New York law, in the absence of a written agreement, an attorney who seeks to recover his fees "bears the burden of proving the terms of the retainer and establishing that the terms of the alleged fee arrangement were fair, fully understood, and agreed to by the client." *Gary Friedman, P.C. v. O'Neill*, 982 N.Y.S.2d 359, 360 (App. Div. 2d Dep't 2014).

Moreover, there are exceptions to the application of § 1215.1. It does not apply, for instance, to a "representation where the attorney is admitted to practice in another jurisdiction and maintains no office in the State of New York." 22 NYCRR § 1215.2(d).

Guzik argues that § 1215.1 does not apply because he "is admitted to practice law in California and maintains no office in the State of New York." (Dkt. No. 85 at 6; *see also id.* at 6–9.) Albright does not dispute that Guzik is a lawyer admitted to practice law in California, but she does dispute whether Guzik maintains an office in the State of New York. (Dkt. No. 88 at 2–3.) In particular, she points to Guzik's website, on which Guzik displayed a New York address

for a period of approximately six years. (*Id.*) For his part, Guzik proffers that the address was displayed "in anticipation of establishing a New York office," but that he never had meetings at the New York address, never used the address to accept service, and never conducted business at the address. (Dkt. No. 85 at 8–9.)

In any event, the parties' dispute as to application of § 1215.1 is irrelevant to the present motion. "Section 1215.1 . . . 'contains no express penalty for noncompliance' and 'was not [meant] to address abuses in the practice of law, but rather, to prevent misunderstandings about fees . . . between attorneys and clients.'" *Popal v. Slovis*, No. 12 Civ. 3916, 2015 WL 10687614, at *7 (S.D.N.Y. Apr. 28, 2015) (second and third alterations in original) (quoting *Seth Rubenstein, P.C. v. Ganea*, 833 N.Y.S.2d 566, 570 (App. Div. 2d Dep't 2007)). "Accordingly, New York courts have held that an attorney's noncompliance with section 1215.1 does not preclude the recovery of legal fees in quantum meruit." *Id.* (collecting cases).

Indeed, where, as here, the dispute is between the client and attorney, "if it is established that [the] defendant[] [was] discharged without cause, [his] recovery is limited to quantum meruit in a fixed dollar amount, which may be more or less than that provided in the rescinded contract that had existed between [him] and plaintiff, and which may be presently payable or secured by lien." *Nabi v. Sells*, 892 N.Y.S.2d 41, 44 (App. Div. 1st Dep't 2009). In that event, "the annulled contingency fee agreement no longer governs the parties' relationship," though "it may 'be taken into consideration as a guide for ascertaining quantum meruit,'" in addition to other factors. *Id.* (quoting *Matter of Tillman*, 181 N.E. 75, 76 (N.Y. 1932)).

Accordingly, Albright has not established as a matter of law that Guzik is precluded from bringing a *quantum meruit* claim for failure to comply with § 1215.1. Nor has it been

6

established beyond genuine dispute whether the terms of the oral fee arrangement were fair, fully understood, and agreed to by Albright.

B. **Enforceable Contract**

Albright argues that the existence of a valid, oral agreement precludes recovery by Guzik under a *quantum meruit* theory. In its Opinion at the motion-to-dismiss stage, this Court noted "that [Guzik] cannot recover under a *quantum meruit* theory if the oral agreement alleged in the SAC is a 'valid, enforceable contract that governs the same subject matter as the quantum meruit claim.'" *See Guzik*, 2016 WL 6952347, at *3 n.3 (quoting *Mid-Hudson Catskill Rural Migrant Ministry*, 418 F.3d at 175).

However, New York courts have crafted what appears to be a specific exception to this general rule, allowing an attorney who is discharged without cause to recover under *quantum meruit* even when the parties had an otherwise valid agreement covering the same subject matter. Where "an attorney allegedly discharged without cause seeks unpaid legal fees . . . New York's highest court would find . . . that the attorney is limited to seeking relief in *quantum meruit*." *Liddle & Robinson, LLP v. Garrett*, 720 F. Supp. 2d 417, 425 (S.D.N.Y. 2010). Indeed, in such a case, "an attorney can bring *only* a *quantum meruit* claim to recover attorneys' fees." *Id.* (emphasis added). This is true regardless of whether the attorney is pursuing *quantum meruit* recovery based on a retainer for hourly fees or based on contingency. *Id.*

Here, there is no dispute that Guzik terminated his representation of Albright. (Dkt. No. 87 ¶ 1.) Guzik's recovery, if any, in *quantum meruit* depends on the circumstances of his termination. "If a lawyer is discharged for cause, he or she is not entitled to legal fees. If the lawyer is discharged without cause and prior to the conclusion of the case, however, he or she may recover either (1) in *quantum meruit*, the fair and reasonable value of the services rendered,

7

or (2) a contingent portion of the former client's ultimate recovery, but only if both of the parties have so agreed." *Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 263 (2d Cir. 2004) (citation omitted). "Under New York law . . . to determine the fair and reasonable value of legal services on the basis of *quantum meruit*, courts consider 'the difficulty of the matter, the nature and extent of the services rendered, the time reasonably expended on those services, the quality of performance by counsel, the qualifications of counsel, the amount at issue, and the results obtained.'" *Popal v. Slovis*, 646 F. App'x 35, 36 (2d Cir. 2016) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 148 (2d Cir. 1998)).

At this stage, the Court cannot conclude whether the termination was with or without cause. Nor can it conclude whether the parties had an oral agreement that Guzik would recover a contingent portion of Albright's ultimate recovery, a fact distinctly disputed between the parties. (*See* Dkt. No. 87 ¶ 3). Accordingly, summary judgment is not warranted on the ground that Guzik is precluded from bringing a *quantum meruit* claim due to the existence of a valid, enforceable contract.

  **C.** **Expectation of Compensation**

Finally, Albright argues that Guzik has acknowledged in writing that he had no expectation of compensation. "[A]n expectation of compensation" is one of the four factors required to recover under a theory of *quantum meruit*. *Mid-Hudson Catskill Rural Migrant Ministry*, 418 F.3d at 175.

Albright relies on an email sent by Guzik "in response to one of Albright's attempts to reach an agreement with Guzik regarding his legal fees" (Dkt. No. 63 at 9), after the termination of the attorney-client relationship (Dkt. No. 85 at 16). In that email, dated February 5, 2016, Guzik stated:

> I was not kept in the loop [as to Albright's settlement]. . . . For this reason alone I choose to move on. I have no expectation of receiving any compensation from you at this juncture. Nor do I wish to engage in any negotiations with any client over fees. I have a long history of satisfied clients, and I want to keep it that way.

(Dkt. No. 62, Ex. D at 1–2.) Guzik emphasizes that any disclaimer of expectation of compensation was limited to that particular "juncture" and explains that "this email reflects [his] frustration over his inability to negotiate a resolution of the fee dispute following his resignation." (Dkt. No. 85 at 16–17.) Albright construes this e-mail as conclusive evidence of Guzik's lack of any expectation of compensation for services rendered and, therefore, as a bar to recovery under a *quantum meruit* theory. (Dkt. No. 63 at 8–9.)

However, the parties do not dispute that in March 2016, approximately one month after sending this e-mail, Guzik furnished an invoice to Albright. (*See* Dkt. No. 87 ¶ 5.) Albright argues that the lack of specificity of the invoice lowers its probative value into whether Guzik had an expectation of compensation. (Dkt. No. 63 at 9.) But Guzik did furnish the invoice for legal services rendered, which itself evidences at least some expectation of compensation. Moreover, Albright affirms that she repeatedly requested an itemized bill from Guzik before he sent her the invoice in March 2016. (Dkt. No. 62 ¶ 14.) This, too, suggests an understanding that Guzik expected some compensation for legal services provided to Albright.

Under New York law, "[t]he question of whether a party had a reasonable expectation of compensation for services rendered is a matter for the trier of fact to determine based on the evidence before it." *Farina v. Bastianich*, 984 N.Y.S.2d 46, 49 (App. Div. 1st Dep't 2014) (alteration in original) (quoting *Caribbean Direct, Inc. v. Dubset, LLC*, 954 N.Y.S.2d 66, 67 (App. Div. 1st Dep't 2012)) (internal quotation marks omitted). On this record, there remains a genuine dispute as to whether Guzik's disclaimer via e-mail demonstrates a lack of expectation

9

of compensation. Accordingly, the Court denies Albright's request[3] for summary judgment on the ground that Guzik had no expectation of compensation for legal services rendered.

**III. Conclusion**

For the foregoing reasons, Albright's motion for summary judgment is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 62 and to lift the stay, which was effectively terminated on August 10, 2016 (*see* Dkt. No. 25).

The parties are directed to complete discovery in good faith and to submit a status update to the Court on or before October 6, 2017, addressing whether the parties intend to move for summary judgment on any other grounds or, if not, when the parties believe they will be ready for trial.

SO ORDERED.

Dated: August 21, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[3] Guzik also requests that the Court determine that there is "no genuine issue of fact as to Guzik's expectation of compensation" in this case. (Dkt. No. 85 at 17.) For the reasons stated above, that request is denied.