**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
SAMUEL S. GUZIK d/b/a                   :
GUZIK & ASSOCIATES                      :
                                        :
        Plaintiff  and              : No. 16-CV-2257 (JPO)(DCF)
        Counterclaim Defendant      :
                                        : ECF Case
   -  Against  -                       :
                                        :
                                        :
DARA S. ALBRIGHT,                       :
                                        :
        Defendant and              :
        Counterclaim Plaintiff     :
_____x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO UNSEAL (1) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUMMARY ADJUDICATION AND REPLY MEMORANDUM; AND (2) DEFENDANT AND COUNTERCLAIM PLAINTIFF'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUMMARY ADJUDICATION AND CROSS MOTION FOR SUMMARY JUDGMENT; AND (3) SPECIFIED DOCUMENTS SUBMITTED BY THE PARTIES IN SUPPORT THEREOF.**

## TABLE OF CONTENTS

|  | Page No. |
|---|---|
| **TABLE OF AUTHORITIES** ………………………………………………………. | iii |
| **PRELIMINARY STATEMENT** …………………………………………………… | 1 |
| **ARGUMENT** ……………………………………………………………………… | 2 |
| I. THE PROTECTIVE ORDER …………………………………………… | 2 |
| II. STANDARD OF REVIEW………………………………………………. | 2 |
|     A. Sealing of Judicial Documents |  |
|         1. The Common Law Test………………………………………….. | 4 |
|         2. The First Amendment Test ...........................................………. | 5 |
| III. ALL OF THE DOCUMENTS FOR WHICH UNSEALING IS SOUGHT ARE JUDICIAL DOCUMENTS…………….………………………………… | 5 |
| IV. THE PUBLIC INTEREST IS ESPECIALLY STRONG IN THIS ACTION ……………………………………………………………………… | 6 |
| V. THERE IS A HEIGHTENED FIRST AMENDMENT INTEREST IN THIS ACTION ……………………………………………………………..……... | 7 |
| VI. CONCLUSION……………………………………………………….…… | 8 |

[DECLARATION OF R. JOSEPH DECKER DATED MARCH 2, 2018,
AND REDACTED DOCUMENT INDEX (EXHIBIT "A") ARE BEING FILED
CONCURRENTLY WITH THIS MEMORANDUM]

**TABLE OF AUTHORITIES**

**CASES**

|  | Page No. |
|---|---|
| *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)…………………………… | 3 |
| *GoodWorld Creations d/b/a Crowdnetic v. Albright* (1: 14cv 3848 TPG)…………… | 7 |
| *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91, 96 (2d Cir. 2004)……………. | 3,4 |
| *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)…………………………………….. | 3,6 |
| *Lugosch v. Pyramid of Onandaga*, 435 F.3d 110, 119, 120, 123 (2d Cir. 2006),,,,,,,,,, | 3,4,5 |
| *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163, 164 (2d Cir. 2013 ……………. | 3,4 |
| *Mills v. Alabama*, 384 U.S. 214, 218 (1966)……………………………………… | 3 |
| *SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001)…………………………… | 3 |
| *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 145 (2d Cir. 1995). ……………… | 3,4 |
| *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044 (2d Cir. 1995)………………….. | 3,4 |
| *United States v. Erie County.*, 763 F.3d 235 (2d Cir. 2014) at 239…………………… | 5 |
| *United States v. Graham*, 257 F.3d 143, 153 (2d Cir. 2001)………………………….. | 5 |
| *Westmoreland v. CBS, Inc.*, 752 F.2d 16, 22 (2d Cir. 1984)…………………………… | 3,4 |

**PRELIMINARY STATEMENT**

Plaintiff and Counterclaim Defendant Samuel Guzik, d/b/a Guzik & Associates ("Guzik" or "Plaintiff") respectfully submits this Memorandum in Support of Plaintiff's Motion to unseal specified documents and deposition testimony, or portions thereof "Motion to Unseal"), previously designated as "confidential" by Defendant and Counterclaim Plaintiff Dara S. Albright ("Albright") and/or third party LendIt Conference LLC ("LendIt") through its counsel, Alston & Bird LLP ("Alston Bird") pursuant to this Court's Protective Order dated March 23, 2017 (Dkt. 81) (the "Protective Order").

All of the Confidential Information which is the subject of Plaintiff's Motion to Unseal comprises documents, deposition testimony, or references thereto, in support of one or more of:

1. Plaintiff's Motion for Summary Judgment and Summary Adjudication, seeking judgment in its favor on all elements of its claim in quantum meruit contained in Plaintiff's Second Amended Complaint ("SAC") (Dkt. No. 24) other than damages, and dismissal of Counts I, II, III and IV of Defendant Dara Albright's ("Albright") Counterclaim ("Counterclaim") (Dkt. No. 43);

2. Defendant and Counterclaim Plaintiff's Opposition to Plaintiffs MSJ, and Albright's Cross Motion for Summary Judgment on Plaintiff's claim in quantum meruit and and on Counts I, II, III and IV of Albright's Counterclaim

For the convenience of the Court and the respondents to this Motion, accompanying this Memorandum as Exhibit "A" is a "Redacted Document Index," which identifies the documents and testimony, or portions thereof, which are the subject of this Motion (Items 1-11 inclusive in Table 1 of the Redacted Document Index) (the "Subject Summary Judgment Documents"), and

1

other pertinent information, including the location thereof, the general subject matter, and the party or non-party requesting confidential treatment pursuant to the Protective Order.[1]

**ARGUMENT**

### I.     THE PROTECTIVE ORDER

Paragraph 4 of the Protective Order provides as follows:

> 4.  After good-faith conference by the parties, any party's objections to specific confidentiality designations may be brought to this Court's attention for resolution. Pending a ruling by the Court, the information at issue shall continue to be covered by this Protective Order. Although either party may raise such objections to this Court, the party seeking to maintain the confidentiality of the information shall have the burden of demonstrating the reasonable need for continued confidentiality protection."

In accordance with Paragraph 4 of the Protective Order, Plaintiff has met and conferred with Albright and LendIt regarding the Confidential Information designated by them as "confidential" under the Protective Order which is the subject of this Motion.  See "Declaration of R. Joseph Decker" dated March 1, 2018 (the "<u>Decker Declaration</u>"), accompanying this Memorandum, filed in support thereof. As set forth in the Decker Declaration,  LendIt has advised the Plaintiff that (i) it objects to removal of the confidential treatment from all materials previously designated by it as confidential under the Protective Order; and it does not intend to intervene in this Motion. Nonetheless, Plaintiff has served the Notice of Motion and supporting documents on LendIt's counsel of record, both via ECF and by overnight courier, should it nonetheless wish to intervene.

### II.    STANDARD OF REVIEW

#### A. Sealing of Judicial Documents

While federal courts have the power to seal documents that are filed on the public dockets, that power is limited by both the First Amendment and a common right of access that

---

[1] This Motion seeks the unsealing of Items 1-11 of the Redacted Document Index. Plaintiff is limiting the scope of the Motion to Unseal to these delineated items solely to conserve the time and resources of the Court. In this regard, Albright has requested the redaction of a voluminous amount of material pertinent to the pending Summary Judgment Motion and Cross Motion. Plaintiff is mindful that this Court nonetheless retains the inherent power to unseal *all* documents pertaining to the pending Motions and does not object to the unsealing of *all* documents pertinent to these Motions. Indeed, Plaintiff would welcome this should the Court determine to do so.

predates the Constitution. See *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 145 (2d Cir. 1995). "Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). The two presumptions have different, but related, rationales. "Underlying that First Amendment right of access is the common understanding that a major purpose of that Amendment was to protect the free discussion of governmental affairs." *Westmoreland v. CBS, Inc.*, 752 F.2d 16, 22 (2d Cir. 1984) (quoting *Mills v. Alabama*, 384 U.S. 214, 218 (1966)). The common law right of access, in turn, rests on "the need for federal courts, although independent— indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice," *U.S. v Amodeo (Amodeo II)*, 71 F.3d 1044 (2d Cir. 1995) , at 1048.

In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. See *Lugosch v. Pyramid of Onandaga*, 435 F.3d 110 (2d Cir. 2006) at 123 ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.") (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)); *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 96 (2d Cir. 2004) (stating that judicial records enjoy a "presumption of openness," a presumption that is rebuttable only "upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest" (internal quotations omitted)). However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (citation omitted); *see SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001).

3

Moreover, ordinarily, a court must make that determination on the basis of a careful document-by-document review of the particular portions of the document that a party wishes to file under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. See *Amodeo II*, 71 F.3d 1044 (2d Cir. 1995) at 1050-51.

Both the First Amendment and common law rights of access create a presumption against secrecy for "judicial documents." See *Newsday*, 730 F.3d at 164 (First Amendment); *Amodeo I*, 44 F.3d at 145-46 (common law). As this Court has explained, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Amodeo I*, 44 F.3d at 145. Once an item's status as a "judicial document" has been established, the common law and the First Amendment demand distinct analyses to determine whether the presumption of access is overcome. A Court is not likely to exclude the public from any Court proceeding without an extraordinary demonstration of good cause. See, e.g., *Hartford Courant Co.*, 380 F.3d 83, 91: ("The Supreme Court [has] recognized that the First Amendment grants both the public and the press a qualified right of access" to judicial proceedings.); *Westmoreland v. CBS, Inc.*, 752 F.2d 16, 22 (2d Cir. 1984) ("There is, to be sure, an abundance of support in the cases for a constitutionally grounded public right of access to the courtroom.").

1. The Common Law Test

The common law affords a presumption of access to all judicial documents. The weight of the presumption is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. Thus, courts applying the common-law public access doctrine balance the importance of the documents sought to be disclosed with countervailing interests that

might outweigh the presumption in favor of access. Courts employ a sliding scale: "documents that directly affect an adjudication and play a significant role in determining litigants' substantive rights receive the benefit of a relatively strong [common law] presumption, while the public interest in other documents is not as pressing." *United States v. Graham*, 257 F.3d 143, 153 (2d Cir. 2001) (internal quotation marks and citations omitted). "[C]ountervailing factors"—those that militate against public access—"include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted).

    **2. The First Amendment Test**

The First Amendment right of access is "stronger than its common law ancestor and counterpart." *United States v. Erie County.*, 763 F.3d 235 (2d Cir. 2014) at 239. Thus, even where the common law presumption is overcome by "countervailing factors," the First Amendment may still forbid sealing and mandate the disclosure of judicial documents. In deciding First Amendment access claims, courts consider "experience" and "logic": "(a) whether the documents have historically been open to the press and general public (experience) and (b) whether public access plays a significant positive role in the functioning of the particular process in question (logic)." *Id.* (internal quotation marks omitted). "Once a First Amendment right of access to judicial documents is found, the documents may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks and alteration omitted).

### III.   ALL OF THE DOCUMENTS FOR WHICH UNSEALING IS SOUGHT ARE JUDICIAL DOCUMENTS.

All of the documents for which unsealing is requested are "judicial documents," as they are being used by the parties for moving for, or opposing, summary judgment. *Joy v. North* has already clarified that the presumption of public access is of the highest in connection with a motion for summary judgment: "documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons.*" *Joy v. North*, 692 F.2d at 893 (italics added)

### IV.   THE PUBLIC INTEREST IS ESPECIALLY STRONG IN THIS ACTION.

The issues involved in this action are of particular public interest, more than the general right of the public to observe the operation of the federal judicial system under Article III of the U.S. Constitution. Specifically, Plaintiff is a licensed member of the bar in both New York and California. He has repeatedly and relentlessly been accused by the Defendant in the public record of serious misconduct in the course of his professional duties, including professional malpractice, breach of fiduciary duty, interference with business relations of a former client, and breach of attorney-client privilege and other alleged obligations of confidentiality owed by Guzik to Albright. Moreover, Guzik has repeatedly been accused of misconduct, including the very act of commencing and continuing his collection action before this Court, seeking sanctions, including terminating sanctions – most recently in Albright's Opposition to Plaintiff's Motion for Summary Adjudication.[2]

---

[2] *See, e.g.* Albright's Motion for Sanctions (Dkt. 119,120), denied for lack of any supporting evidence (Dkt. 158) This *identical* relief was requested yet a second time by Albright, in her Opposition and Cross Motion for Summary Judgment (Dkt. 176).

Albright herself has acknowledged the strong public interest in this action, having not once, but apparently twice, filed a complaint with the State Bar of California regarding Guzik's alleged misconduct while this action has been pending.  *See* Decker Declaration, Exhibit One.

Separate and apart from the veracity of Albright's allegations, or the lack thereof, the public has a right to know, based upon admissible evidence introduced in support of, or in opposition to, a motion for summary judgment.

V. **THERE IS A HEIGHTENED FIRST AMENDMENT INTEREST IN THIS ACTION.**

Though no particularized showing of media interest is necessary to invoke First Amendment considerations in order to subject a sealing request to First Amendment scrutiny, media interest is more than theoretical. The underlying case in which Guzik represented Albright, *GoodWorld Creations d/b/a Crowdnetic v. Albright* (1: 14cv 3848 TPG) was itself the subject of industry media attention shortly following the commencement of that action. [3] And the legal issues presented in this case apparently are of interest to the New York legal community.[4]

---

[3] *See* J.D. Alois*, "The Gloves Come Off-Two Prominent Crowdfunding Industry Leaders file Opposing Lawsuits,"* Crowdfund Insider (June 22, 2014) https://www.crowdfundinsider.com/2014/06/42464-gloves-come-two-prominent-crowdfunding-industry-leaders-file-opposing-lawsuits/)

[4] *See, e.g. "Guzik v. Albright, Former Client Denied Judgment in Lawyer's Pro Se Action to Recover in Quantum Meruit,"* New York Law Journal (October 13, 2017)  (reporting on the denial of Albright's first Motion for Summary Judgment) https://www.law.com/newyorklawjournal/sites/newyorklawjournal/2017/08/25/guzik-v-albright/.

## **CONCLUSION**

For the reasons set forth above, Movant respectfully requests that this Court grant its Motion to Unseal the Subject Summary Judgment Documents.

Dated:  March 2, 2018
Long Beach, California    Respectfully submitted,


    /s/ R. Joseph Decker_____
    R. Joseph Decker
    (Cal. SBN 81795)
    Taubman Simpson Young & Sulenor
    One World Trade Center, Suite 400
    Long Beach, CA  90831-0400
    Tel. 562-436-9201, Fax. 562-590-9695
    Email: rjd@tsyslaw.com