UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

SAMUEL S. GUZIK, *d/b/a* GUZIK &
ASSOCIATES,

      Plaintiff,

      -v-

DARA S. ALBRIGHT,

      Defendant.

16-CV-2257 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

  In March 2016, attorney Samuel Guzik filed this lawsuit against his former client, Dara Albright, claiming that Albright owes him money for legal work he performed for her in connection with a separate litigation against non-party LendIt Conference, LLC ("LendIt"). (Dkt. Nos. 1, 24.) Albright, in turn, has filed counterclaims against Guzik, claiming among other things that he tortiously interfered with her efforts to settle that litigation. (Dkt. No. 41.) Both parties moved for summary judgment (Dkt. Nos. 160, 175), and on September 14, 2018, this Court granted Guzik's motion in part and otherwise denied both parties' motions (Dkt. No. 204). Now before the Court is Guzik's motion to unseal Albright's counterclaim complaint and various summary-judgment filings. (Dkt. No. 198.) For the reasons that follow, the motion is granted in part and denied in part.

**I. Background**

  Early on in this case's discovery process, it became clear that some of the materials the parties sought from one another contained commercially or personally sensitive information. (*See* Dkt. No. 58.) Accordingly, on March 23, 2017, Magistrate Judge Freeman entered a protective order authorizing either party to designate as "confidential" any discovery materials, or portions thereof, that disclose such information. (Dkt. No. 81 ¶¶ 1–3.) In keeping with the

1

order, the Court has maintained all discovery filings that have been so designated wholly or partially under seal. (Dkt. No. 81 ¶ 7.) Guzik now moves the Court to unseal certain of these filings, as well as several additional sealed submissions that either reference these filings or disclose related content. (Dkt. No. 198.)

## II.     Legal Standard

The common law and the First Amendment both separately establish a presumption in favor of public access to certain judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The filings that Guzik seeks to unseal—Albright's counterclaim complaint and materials filed with the Court in connection with the parties' summary-judgment motions—are all judicial documents subject to both the common-law and the First Amendment presumptions. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139–43 (2d Cir. 2016) (concluding "easily" that "a complaint is a judicial document subject to a presumption of access," *id.* at 139, and going on to determine that the presumption arises from both sources of law); *Lugosch*, 435 F.3d at 126 ("[D]ocuments submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment."). Because both presumptions apply, the documents at issue may remain under seal only if the "more stringent" of the two presumptions—the First Amendment presumption—interposes no obstacle. *Lugosch*, 435 F.3d at 124. Continued sealing, therefore, "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.*

## III.    Discussion

Broadly speaking, Albright makes three arguments as to why the documents at issue here should remain under seal notwithstanding the public-access presumptions that support Guzik's

2

motion to unseal.  Mindful of Albright's *pro se* status, the Court construes her arguments, in line with the governing law, as efforts to identify "higher values" that necessitate the documents' continued sealing.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" (emphasis in original) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006))).

First, Albright points to Second Circuit precedent recognizing a "strong presumption against the modification of a protective order," *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011) (quoting *SEC v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001)), and expresses concern that offering public access to materials previously deemed "confidential" would unfairly upset the expectations of privacy under which those materials were produced (Dkt. No. 201 at 7–8). Even assuming that such considerations represent higher values capable of overriding the First Amendment's public-access presumption, though, they are not implicated here.  For one thing, Guzik does not seek to modify the protective order.  To the contrary, he seeks to assert his rights *under* the protective order, which by its terms allows either party to object to any confidentiality designation and places "the burden of demonstrating the reasonable need for continued confidentiality protection" on "the party seeking to maintain the confidentiality of the information." (Dkt. No. 81 ¶ 4.) For another thing, given the protective order's express contemplation that a confidentiality designation may be challenged, any expectation that such a designation could forever shield a document from public access would be unreasonable.  *See Lugosch*, 435 F.3d at 126 (noting that it is "difficult to see how [parties] can reasonably argue that they produced documents in reliance on the fact that the documents [will] always be kept

secret" where the protective order governing discovery lays out a process by which a confidentiality designation may be contested).

Second, Albright questions Guzik's motive for moving to unseal, describing Guzik's motion as part of his alleged efforts to "us[e] the exposure of personal and confidential business information as a weapon of harassment" (Dkt. No. 201 at 1), and detailing several prior instances in which Guzik has allegedly violated the terms of the protective order or otherwise made or threatened inappropriate disclosures (Dkt. No. 201 at 2–6). While the motive of the party moving to unseal is "generally . . . irrelevant to defining the weight accorded the presumption of access" to any given document, the Second Circuit has suggested that where, as here, the Court has already determined the weight of that presumption, the moving party's "personal motives, such as an individual vendetta," can be relevant to determining whether the risk of "anticipated injury as a result of disclosure" overcomes the presumption.[1] *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Here, though, even assuming that Guzik's motion springs from an improper motive, Albright has failed to offer any particularized explanation of why the disclosure of the specific set of documents referenced in the motion would be injurious.

Third and finally, Albright suggests that privacy interests justify keeping the documents at issue under seal. (Dkt. No. 201 at 9.) But although a litigant's or a third party's interest in keeping certain private matters confidential can in some circumstances overcome a First Amendment presumption of access, the mere "[b]road and general" invocation of a privacy interest does not warrant such a result. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

---

[1] The case in which the Second Circuit made this suggestion dealt with the common-law presumption of access rather than the First Amendment presumption. For present purposes, the Court assumes without deciding that personal motive may be potentially relevant to the First Amendment inquiry as well.

As noted, Albright has identified no distinct privacy threat associated with any of the specific documents at issue. Vague allusion to unelaborated privacy concerns gives this Court scant basis for concluding that "sealing is necessary to preserve higher values." *Lugosch*, 435 F.3d at 124.

That said, in recognition of Albright's *pro se* status, the Court has examined each of the filings referenced in Guzik's motion to unseal and considered whether any presents a particularly acute threat to Albright's or a third party's privacy, above and beyond the mine-run risk of embarrassment or unwelcome exposure that attends any litigation. In nearly every instance, the Court concludes, no such threat exists. The content currently withheld from public view principally consists of (1) information about the negotiation and terms of the confidential settlement between Albright and LendIt; (2) details of an aborted employment contract between Albright and LendIt; or (3) generalized reference to Albright's medical condition. But the public record already discloses information about all three of these topics, each of which is relevant to the claims and counterclaims presented in this case. (*See* Dkt. No. 204 at 2–3, 10–17, 22–23.) The Court has no reason to believe that the additional details contained in the documents Guzik seeks to unseal are themselves particularly compromising.

The Court has, however, identified portions of several referenced documents that implicate specific privacy interests to such a degree that at least partial continued sealing is warranted. First, although the public record already contains ample reference to the parties' dispute over whether Albright suffers from a "medical issue" that made her "more amenable to settl[ing]" her claims against LendIt (Dkt. No. 204 at 22), the Court has previously taken care to safeguard the details of Albright's "confidential health information," even where these details have been specifically referenced in the pleadings (Dkt. No. 46). The Court finds no reason to deviate from its ordinary sensitivity here, and so the Court denies Guzik's motion to unseal the

portions of the documents at issue that make any reference to the specifics of Albright's medical condition.  *Cf. Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) ("[T]here are few matters that are quite so personal as the status of one's health, and few matters the dissemination of which one would prefer to maintain greater control over.").

Second, the Court denies Guzik's motion to unseal the portions of the documents at issue that reveal the terms of Albright's confidential settlement agreement with LendIt, except to the extent that those terms bear directly on the issues in this case.  Although Guzik's claim that he is entitled to a portion of the settlement funds and Albright's counterclaim alleging that Guzik tortiously interfered with the settlement necessitate disclosure of aspects of these documents, Guzik seeks to unseal the documents in their entirety.  Because "honoring [settling] parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage," an expectation of confidentiality in a settlement agreement can justify maintaining under seal the agreement's "precise terms on matters that have no effect on the adjudication" in which it is introduced.  *Louis Vuitton Malletier, S.A. v. Hyundai Motor Am.*, No. 10 Civ. 1611, 2012 WL 1022258, at *3 (S.D.N.Y. Mar. 22, 2012) (first quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004)).  The terms of Albright's settlement with LendIt are relevant to this litigation only insofar as they provide a basis for the dollar amount of Guzik's *quantum meruit* claim, reflect matters allegedly introduced due to Guzik's interference, or inform the defenses Guzik raised against Albright's malpractice counterclaim (*see* Dkt. No. 182 at 23–24).  The portions of the documents at issue that are probative of these matters, therefore, shall be unsealed; all other references to the settlement terms, however, shall not.

IV.   **Conclusion**

For the foregoing reasons, Guzik's motion to unseal is GRANTED in part and DENIED in part.  Within thirty days, the parties are directed to redact the documents listed in Guzik's

6

Redacted Document Index (Dkt. No. 199-1) in accordance with this opinion and to file them on ECF. Should the parties confer and find themselves unable to agree on the proper redactions, they are directed to file a joint letter no longer than five pages specifically identifying the precise words or sentences as to which there is a remaining dispute.

The Clerk of Court is further directed to close the motion at Docket Number 198.

SO ORDERED.

Dated: November 16, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge